# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

YETI Coolers, LLC,

    Plaintiff,

    v.

Kodiak Coolers LLC and

Flexible Automation LLC,

    Defendants.

Case No. 1:17-cv-00422

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

(1) **TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**
(2) **TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**
(3) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**
(4) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
(5) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
(6) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
(7) **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
(8) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**
(9) **COMMON LAW TRADE DRESS INFRINGEMENT;**
(10) **COMMON LAW TRADEMARK INFRINGEMENT;**
(11) **COMMON LAW UNFAIR COMPETITION;**
(12) **COMMON LAW MISAPPROPRIATION; AND**
(13) **UNJUST ENRICHMENT.**

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Kodiak Coolers LLC and Flexible Automation LLC (collectively, "Kodiak"), alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      On information and belief, Kodiak Coolers LLC is a company organized under the laws of the State of Wisconsin with a place of business at 2083 Rock Bottom Court, Green Bay, WI 54313, that does business under the name Kodiak Coolers, including through the websites        www.kodiak-coolers.com,        shop.kodiak-coolers.com, www.facebook.com/kodiakcoolers,        www.instagram.com/kodiakcoolers,        and www.twitter.com/kodiakcoolers, and through retailers such as Amazon.

3.      On information and belief, Flexible Automation LLC is a company organized under the laws of the State of Wisconsin with a place of business at 2083 Rock Bottom Court, Green Bay, WI 54313, and is the owner organization of the website www.kodiak-coolers.com.

### Jurisdiction and Venue

4.      This is an action for trade dress and trademark dilution, trade dress and trademark infringement, unfair competition and false designation of origin, misappropriation, and unjust enrichment.  This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, and state common law, including the law of Texas.

5.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

6.      This Court has personal jurisdiction over Kodiak because, *inter alia*, Kodiak is doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, (i) Kodiak has advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute, infringing products to customers and/or potential customers, including in this District, at least through Kodiak's websites        (e.g.,        www.kodiak-coolers.com,        shop.kodiak-coolers.com, www.facebook.com/kodiakcoolers,                www.instagram.com/kodiakcoolers, www.twitter.com/kodiakcoolers) and through online retailers such as Amazon , (ii) Kodiak's tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, Kodiak acted with knowledge that its unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) Kodiak's customers and/or potential customers reside in the State of Texas, including in this District.

7.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

## General Allegations – YETI's Intellectual Property

8.      For several years, YETI has continuously engaged in the development, manufacture, and sale of insulated products, including insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas.  Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.

3

YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous. As discussed in more detail below, YETI owns trade dress rights relating to its insulated drinkware designs.

9.    Several years ago, YETI introduced its 30 oz. Rambler™ Tumbler and 20 oz. Rambler™ Tumbler into the marketplace (collectively, "Rambler™ Drinkware"). YETI has sold millions of the Rambler™ Drinkware throughout the United States, including sales to customers in the State of Texas. YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of the Rambler™ Drinkware. The designs and features of the Rambler™ Drinkware have received widespread and unsolicited public attention. For example, the Rambler™ Drinkware have been featured in numerous newspaper, magazine, and Internet articles.

10.    The designs of the Rambler™ Drinkware have distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Drinkware is YETI. As a result of at least YETI's continuous and exclusive use of the Rambler™ Drinkware, YETI's marketing, advertising, and sales of the Rambler™ Drinkware, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler™ Drinkware, which consumers have come to uniquely associate with YETI.

11.    An exemplary image of a YETI 30 oz. Rambler™ Tumbler is shown below:

| Illustration 1: Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
| :---: |
|  |

12.    YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement

of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid of the YETI 30 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

13.     An exemplary image of a YETI 20 oz. Rambler™ Tumbler is shown below:

| **Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler<sup>TM</sup> Tumbler.** |
|---|



14.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler™ Tumbler;  the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of

the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the tumbler lid of the YETI 20 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

15.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as source identifiers of YETI.

16.     YETI has also used the trademark "RAMBLER" throughout the United States in connection with its insulated drinkware products and the trademark "TUNDRA" throughout the United States in connection with at least its cooler products. YETI has used these trademarks throughout the United States and the State of Texas, including with advertising and promoting YETI's Rambler™ Tumblers, YETI's Rambler™ Lowballs, YETI's Rambler™ Colster® beverage holders, YETI's Rambler® Bottles, and YETI's TUNDRA® cooler products.

17.     In view of YETI's extensive and continuous use of "RAMBLER" and "TUNDRA," consumers have come to associate "RAMBLER" and "TUNDRA" as source identifiers of YETI, and YETI owns trademark rights in these marks.  Further, YETI owns several trademark registrations, including Trademark Registration No. 4,998,897 ("the '897 registration") for "RAMBLER" for jugs and Trademark Registration No. 4,083,930 ("the '930

registration") for "TUNDRA" for portable coolers.  A copy of the '897 registration is attached as Exhibit 1, and a copy of the '930 registration is attached as Exhibit 2.

18.    As a result of, *inter alia*, YETI's exclusive, continuous and substantial use of "RAMBLER" and "TUNDRA," YETI's exclusive, continuous, and substantial advertising and promoting of products bearing "RAMBLER" and/or "TUNDRA," and the publicity and attention that has been paid to YETI's "RAMBLER" and "TUNDRA" marks, these marks have become famous and acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate the "RAMBLER" and "TUNDRA" trademarks as source identifiers of YETI.

### General Allegations – Kodiak's Unlawful Activities

19.    Kodiak has purposefully advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute products that violate YETI's rights, including the rights protected by YETI's intellectual property, including YETI's trade dress and YETI's "RAMBLER" and "TUNDRA" trademarks.  On information and belief, Kodiak also is making such infringing products and/or importing such infringing products into the United States.  Kodiak's infringing products are confusingly similar imitations of YETI's drinkware products and are in the same size as YETI's products.  Kodiak's actions have all been without the authorization of YETI.

20.    Kodiak's infringing products include at least its 30 oz. tumbler products and 20 oz. tumbler products, including, for example, the 30 oz. Tundra tumbler, the 20 oz. Tundra tumbler, the 30 oz. Kodiak tumbler, and the 20 oz. Kodiak tumbler.  Printouts with excerpts from one of Kodiak's websites, shop.kodiak-coolers.com, are attached as Exhibit 3.

21.    Exemplary images of Kodiak's infringing products are shown below:

**Illustration 3:  Exemplary Image of Kodiak's Infringing 30 oz. Tumbler Products.**



**Illustration 4:  Exemplary Image of Kodiak's Infringing 20 oz. Tumbler Products.**



22.    As a result of Kodiak's activities related to the infringing products, there is a likelihood of confusion between Kodiak and its products on the one hand, and YETI and its

products on the other hand.

23.    YETI used its trade dress extensively and continuously before Kodiak began advertising, promoting, selling, offering to sell, or distributing its infringing products.  Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Kodiak commenced unlawful use of YETI's trade dress.

24.    In addition to infringing and diluting YETI's trade dress, Kodiak has also unlawfully used and continues to unlawfully use YETI's "RAMBLER" and "TUNDRA" trademarks and/or colorable imitations thereof, in *inter alia*, advertising, promoting, offering to sell, selling, and distributing Kodiak's infringing products, and is thereby infringing and diluting YETI's "RAMBLER" and "TUNDRA" trademarks and intentionally trading on YETI's goodwill.

25.    Kodiak used and continues to use YETI's "RAMBLER" trademark and/or colorable imitations thereof, including in connection with advertising, promoting, offering to sell, selling, and distributing the infringing products.  Screenshots showing examples of Kodiak's infringing uses of YETI's "RAMBLER" trademark and/or colorable imitations thereof are shown below.

| Illustration 5:  An Example of Kodiak's Infringing Use of "RAMBLER" from Amazon |
| --- |



| Illustration 6:  An Example of Kodiak's Infringing Use of "RAMBLER" from Google |
| --- |



26.    Kodiak also used and continues to use YETI's "TUNDRA" trademark and/or colorable imitations thereof, including in connection with advertising, promoting, offering to sell, selling, and distributing the infringing products.  Screenshots showing examples of Kodiak's infringing uses of YETI's "TUNDRA" trademark and/or colorable imitations thereof are shown below.

**Illustration 7:  Examples of Kodiak's Infringing
Uses of "TUNDRA" from www.kodiak-coolers.com**

Have you ever looked into your cup just to find that the ice you just added has melted and now become the evil culprit watering down your favorite beverage? How about you just pour your favorite coffee into a cup and in what seems like the blink of an eye, your coffee went from hot to luke warm before you have a chance to fully enjoy it? We've been there, and thats why we've engineered our Kodiak Tundra Tumbler's with durable double wall vacuum insulated kitchen-grade 18/8 stainless steel. The fruits of our labor is a rugged, built-to-last drinking tumbler that maintains ice twice as long as plastic tumblers. Two crystal clear and shatterproof lids come with each cup so you can easily see your favorite drink right to the last sip. One *Slider Lid* is included to prevent spills on those commutes to the office, spills when out on the boat, or when things take a turn and get a little wild. One *Open Mouth Lid* for your every day use designed to fit your straw perfectly through the opening and provides the perfect flow no matter what your beverage is. *Coffee or beer? Both suit the Kodiak Tundra Tumbler just fine.*



**Illustration 8:  Additional Examples of Kodiak's Infringing Uses of "TUNDRA" from www.kodiak-coolers.com**





| Illustration 9:  Additional Examples of Kodiak's Infringing Uses of "TUNDRA" from www.facebook.com/kodiakcoolers |
| --- |



27.    As a result of Kodiak's activities related to its use of YETI's "RAMBLER" and "TUNDRA" trademarks and/or colorable imitations thereof, there is a likelihood of confusion between Kodiak and its products on the one hand, and YETI and its products on the other hand.

28.    YETI used its "RAMBLER" and "TUNDRA" trademarks extensively and continuously before Kodiak began advertising, promoting, selling, offering to sell, or distributing its infringing products.  Moreover, YETI's "RAMBLER" and "TUNDRA" trademarks became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Kodiak commenced unlawful use of YETI's trademarks.

29.    Kodiak's use of YETI's trade dress and "RAMBLER" and "TUNDRA" trademarks and/or colorable imitations thereof has been intentional, willful, and malicious. Kodiak's bad faith is evidenced at least by Kodiak's direct copying of YETI's products and unlawful use of YETI's trademarks.

30.    As discussed above and as set forth in the counts below, Kodiak's actions are unfair and unlawful.

**Count I:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

31.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 30 as though fully set forth herein.

32.    Based on the activities described above, including, for example, Kodiak's advertising, promoting, offering for sale, selling, and distributing the infringing products, Kodiak is likely to dilute, has diluted, and continues to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  Kodiak's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

33.    YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in

geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trade dress in connection with the infringing products.

34.     Kodiak's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

35.     On information and belief, Kodiak's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Kodiak's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Kodiak's continuing disregard for YETI's rights.

36.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Kodiak's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

## Count II:
## Trademark Dilution Under Tex. Bus. & Com. Code § 16.103

37.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

38.     Based on the activities described above, including, for example, Kodiak's use of YETI's trademarks, including "RAMBLER," "TUNDRA," and/or colorable imitations thereof, Kodiak is likely to dilute, has diluted, and continues to dilute YETI's trademarks in violation § 16.103 of the Texas Business & Commerce Code.  Kodiak's use of YETI's trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous

trademarks at least by eroding the public's exclusive identification of YETI's trademarks with YETI, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctness of YETI's famous trademarks.

39.    YETI's trademarks are famous and are entitled to protection under Texas law. YETI has extensively and continuously promoted and used its trademarks in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trademarks have become famous and well-known indicators of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trademarks are widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trademarks became famous and acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trademarks in connection with the infringing products.

40.    Kodiak's use of YETI's trademarks and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

41.    On information and belief, Kodiak's use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Kodiak's bad faith is evidenced at

least by Kodiak's unlawful use of YETI's trademarks to sell the infringing products, and by Kodiak's continuing disregard for YETI's rights.

42.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Kodiak's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count III:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

43.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 42 as though fully set forth herein.

44.    Based on the activities described above, including, for example, Kodiak using YETI's federally registered trademarks, including at least the trademarks protected by the '897 Registration and the '930 Registration, and/or colorable imitations thereof in connection with advertising, promoting, offering for sale, selling, and distributing the infringing products, Kodiak has infringed YETI's "RAMBLER" and "TUNDRA" trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Kodiak's use of YETI's "RAMBLER" and "TUNDRA" trademarks and/or colorable imitations thereof is likely to cause confusion, or to cause mistake, or to deceive.

45.    Kodiak's use of YETI's "RAMBLER" and "TUNDRA" trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

46.    On information and belief, Kodiak's use of YETI's "RAMBLER" and "TUNDRA" trademarks and/or colorable imitations thereof has been intentional, willful, and

malicious. Kodiak's bad faith is evidenced at least by Kodiak's unlawful use of "RAMBLER" and "TUNDRA" trademarks in an effort to sell the infringing products and by Kodiak's continuing disregard for YETI's rights.

47.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Kodiak's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count IV:**
**Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

48.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 47 as though fully set forth herein.

49.     Kodiak's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress. Kodiak's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Kodiak with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

50.     YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trade dress in connection with the infringing products.

19

51.     Kodiak's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

52.     On information and belief, Kodiak's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Kodiak's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Kodiak's continuing disregard for YETI's rights.

53.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Kodiak's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count V
## Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

54.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 53 as though fully set forth herein.

55.     Based on the activities described above, including, for example, Kodiak's use of YETI's trademarks, including "RAMBLER," "TUNDRA," and/or colorable imitations thereof, Kodiak violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Kodiak's use of YETI's trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Kodiak with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

56.    YETI's trademarks are entitled to protection under the Lanham Act.  YETI has extensively and continuously promoted and used its trademarks in the United States.  Through that extensive and continuous use, YETI's trademarks have become well-known indicators of the origin and quality of YETI's products.   YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trademarks in connection with the infringing products.

57.    Kodiak's use of YETI's trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

58.    On information and belief, Kodiak's use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Kodiak's bad faith is evidenced at least by Kodiak's unlawful use of YETI's trademarks to sell the infringing products and by Kodiak's continuing disregard for YETI's rights.

59.    YETI is entitled to injunctive relief, and YETI is entitled to recover at least Kodiak's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count VI:
### Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

60.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 59 as though fully set forth herein.

61.     Based on the activities described above, including, for example, Kodiak's advertising, promoting, offering for sale, selling, and distributing the infringing products, Kodiak is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Kodiak's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

62.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trade dress in connection with the infringing products.

63.     Kodiak's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable

injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

64.    On information and belief, Kodiak's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Kodiak's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Kodiak's continuing disregard for YETI's rights.

65.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Kodiak's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VII:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

66.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 65 as though fully set forth herein.

67.    Based on the activities described above, including, for example, Kodiak's use of YETI's trademarks, including "RAMBLER," "TUNDRA," and/or colorable imitations thereof, Kodiak is likely to dilute, has diluted, and continues to dilute YETI's famous trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Kodiak's use of YETI's trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's famous trademarks with YETI and YETI's products, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, by associating YETI's trademarks with products of inferior quality, and by impairing the distinctiveness of YETI's famous trademarks.

68.    YETI's trademarks are famous and are entitled to protection under the Lanham Act.  YETI's trademarks have acquired distinctiveness through YETI's extensive and continuous

promotion and use of YETI's trademarks in the United States.  Through that extensive and continuous use, YETI's trademarks have become famous well-known indicators of the origin and quality of YETI's products throughout the United States, and are widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks became famous and acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trademarks in connection with the infringing products.

69.    Kodiak's use of YETI's trademarks has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

70.    On information and belief, Kodiak's use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Kodiak's bad faith is evidenced at least by Kodiak's unlawful use of YETI's trademarks to sell the infringing products and by Kodiak's continuing disregard for YETI's rights.

71.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Kodiak's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

## Count VIII:
### Unfair Competition and False Designation of Origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

72.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 71 as though fully set forth herein.

73.    Kodiak's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Kodiak has obtained an unfair advantage as compared to YETI through Kodiak's use of YETI's trade dress and trademarks and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

74.    YETI's trade dress and trademarks are entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress and trademarks in the United States.  Through that extensive and continuous use, YETI's trade dress and trademarks have become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trade dress and trademarks in connection with the infringing products.

75.    Kodiak's use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.

76.    On information and belief, Kodiak's use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has been intentional, willful, and malicious.

Kodiak's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Kodiak's unlawful use of YETI's trademarks to sell the infringing products, and by Kodiak's continuing disregard for YETI's rights.

77.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Kodiak's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count IX:
## Common Law Trade Dress Infringement

78.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 77 as though fully set forth herein.

79.    Kodiak's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Kodiak's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

80.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trade dress in connection with the infringing products.

81.    Kodiak's use of YETI's trade dress, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

82.    On information and belief, Kodiak's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Kodiak's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Kodiak's continuing disregard for YETI's rights.

83.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Kodiak's profits, punitive damages, costs, and reasonable attorney fees.

**Count X:**
**Common Law Trademark Infringement**

84.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 83 as though fully set forth herein.

85.    Kodiak's activities described above, including, for example, Kodiak's use of YETI's trademarks, including "RAMBLER," "TUNDRA," and/or colorable imitations thereof, in direct competition with YETI, constitute common law trademark infringement, at least because Kodiak's use of YETI's trademarks and/or colorable imitations thereof, is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

86.    YETI's trademarks are entitled to protection under the common law. YETI has extensively and continuously promoted and used its trademarks in the United States and the State

of Texas.  Through that extensive and continuous use, YETI's trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trademarks in connection with the infringing products.

87.    Kodiak's use of YETI's trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

88.    On information and belief, Kodiak's use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Kodiak's bad faith is evidenced at least by Kodiak's unlawful use of YETI's trademarks to sell the infringing products and by Kodiak's continuing disregard for YETI's rights.

89.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Kodiak's profits, punitive damages, costs, and reasonable attorney fees.

**Count XI:**
**Common Law Unfair Competition**

90.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 89 as though fully set forth herein.

91.    Kodiak's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Kodiak's goods, by simulating YETI's trade dress, and/or by using YETI's trademarks, in an intentional and calculated manner that is likely

to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI. Kodiak has also interfered with YETI's business.

92.    YETI's trade dress and trademarks are entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trade dress and trademarks in connection with the infringing products.

93.    Kodiak's use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.

94.    On information and belief, Kodiak's use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has been intentional, willful, and malicious. Kodiak's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Kodiak's unlawful use of YETI's trademarks to sell the infringing products, and by Kodiak's continuing disregard for YETI's rights.

95.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Kodiak's profits, punitive damages, costs, and reasonable attorney fees.

## Count XII:
## Common Law Misappropriation

96.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 95 as though fully set forth herein.

97.    Kodiak's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law misappropriation.

98.    YETI created the products covered by YETI's trade dress and trademarks through extensive time, labor, effort, skill, and money.  Kodiak has wrongfully used YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof in competition with YETI and gained a special advantage because Kodiak was not burdened with the expenses incurred by YETI. Kodiak has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

99.    YETI's trade dress and trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this

secondary meaning before Kodiak commenced its unlawful use of YETI's trade dress and/or trademarks in connection with the infringing products.

100.    Kodiak's use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.  Moreover, as a result of its misappropriation, Kodiak has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.

101.    Kodiak's misappropriation of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has been intentional, willful, and malicious.  Kodiak's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Kodiak's unlawful use of YETI's trademarks to sell the infringing products, and by Kodiak's continuing disregard for YETI's rights.

102.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Kodiak's profits, punitive damages, costs, and reasonable attorney fees.

**Count XIII:**
**Unjust Enrichment**

103.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 102 as though fully set forth herein.

104.    Kodiak's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute unjust enrichment, at least

because Kodiak has wrongfully obtained benefits at YETI's expense.  Kodiak has also, *inter alia*, operated with an undue advantage.

105.    YETI created the products covered by YETI's trade dress and trademarks through extensive time, labor, effort, skill, and money.  Kodiak has wrongfully used and is wrongfully using YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Kodiak has not been burdened with the expenses incurred by YETI, yet Kodiak is obtaining the resulting benefits for its own business and products.

106.    YETI's trade dress and trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Kodiak commenced its unlawful use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof in connection with the infringing products.

107.    Kodiak's use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Kodiak

has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

108.    Kodiak's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Kodiak's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Kodiak's unlawful use of YETI's trademarks to sell the infringing products, and by Kodiak's continuing disregard for YETI's rights.

109.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Kodiak's profits.

### Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

### Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.    Judgment that Kodiak has (i) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (ii) diluted YETI's trademarks in violation of Tex. Bus. & Com. Code § 16.103; (iii) infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (iv) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (v) infringed YETI's trademarks in violation of § 1125(a) of Title 15 in the United States Code; (vi) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (vii) diluted YETI's trademarks in violation of § 1125(c) of Title 15 in the United States Code; (viii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (ix) violated YETI's common law rights in YETI's trade dress; (x) violated YETI's common law rights in YETI's trademarks; (xi)

engaged in common law unfair competition; (xii) engaged in common law misappropriation; and (xiii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Kodiak were willful;

2.    An injunction against further infringement and dilution of YETI's trade dress and trademarks, and further acts of unfair competition, misappropriation, and unjust enrichment by Kodiak, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress or trademarks, pursuant to at least 15 U.S.C. § 1116  and Tex. Bus. & Com. Code § 16.104;

3.    An Order directing Kodiak to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.    An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress or trademarks in Kodiak's possession or control, (iii) all plates, molds, and other means of making the infringing products in Kodiak's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Kodiak's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.    An Order directing Kodiak to publish a public notice providing proper attribution of YETI's trade dress and trademarks to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.    An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or

34

colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.    An award of Kodiak's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

8.    Such other and further relief as this Court deems just and proper.

Dated:  May 5, 2017                              Respectfully submitted,


                                                 By: */s/ Victoria R. M. Webb*

                                                 Joseph J. Berghammer (admitted in the Western
                                                 District of Texas)
                                                 Illinois Bar No. 6273690
                                                 jberghammer@bannerwitcoff.com
                                                 Victoria R. M. Webb (admitted in the Western
                                                 District of Texas)
                                                 Illinois Bar No. 6307279
                                                 vwebb@bannerwitcoff.com
                                                 John A. Webb, Jr. *(pro hac vice forthcoming)*
                                                 Illinois Bar No. 6321695
                                                 jwebb@bannerwitcoff.com
                                                 Banner & Witcoff, Ltd.
                                                 Ten South Wacker Drive
                                                 Suite 3000
                                                 Chicago, IL 60606-7407
                                                 Telephone: (312) 463-5000
                                                 Facsimile: (312) 463-5001

                                                 **ATTORNEYS FOR YETI COOLERS, LLC**