IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-CV-422-RP |
| KODIAK COOLERS LLC, | § § | |
| Defendant. | § § | |

## CONSENT JUDGMENT

Plaintiff YETI Coolers, LLC ("YETI"), filed civil action number 1:17-CV-422 in the Western District of Texas against Defendant Kodiak Coolers LLC ("Kodiak"), asserting claims for (1) trade dress dilution in violation of the Texas Business & Commerce Code § 16.103; (2) trademark dilution in violation of the Texas Business & Commerce Code § 16.103; (3) trademark infringement in violation of 15 U.S.C. § 1141(1); trade dress infringement in violation of 15 U.S.C. § 1125(a); (5) trademark infringement in violation of 15 U.S.C. § 1125(a); (6) trade dress dilution in violation of 15 U.S.C. § 1125(c); (7) trademark dilution in violation of 15 U.S.C. § 1125(c); (8) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (9) common law trade dress infringement; (10) common law trademark infringement; (11) common law unfair competition; (12) common law misappropriation; and (13) unjust enrichment. YETI served its Complaint on Kodiak on July 27, 2017.

YETI and Kodiak have agreed to enter into this Consent Judgment pursuant to their settlement agreement. IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:

1. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

2. The Court has personal jurisdiction over Kodiak, and venue is proper in this judicial district because, inter alia, Kodiak is doing business in the State of Texas, including in this District.

3. The parties agree that Kodiak sold, offered to sell, promoted, advertised, imported, and distributed 20 oz. and 30 oz. tumblers that YETI accused of violating YETI's intellectual property rights (collectively, the "Accused Products").

4. The parties agree that YETI owns all right, title, and interest in and to the trade dress of the YETI 20 oz. and 30 oz. Rambler® tumblers, including the overall look and appearance of the YETI 20 oz. and 30 oz. Rambler® tumblers, and all common law trademark and trade dress rights in the YETI 20 oz. and 30 oz. Rambler® tumblers. The trade dress of the YETI 20 oz. and 30 oz. Rambler® tumblers is hereafter referred to as the "YETI Trade Dress."

5. Kodiak agrees that the YETI Trade Dress is unique, distinctive, non-functional, well known, famous, and has acquired distinctiveness and is associated by consumers with YETI, and that the goodwill associated with the YETI Trade Dress belongs exclusively to YETI.

6. Kodiak agrees that the YETI Trade Dress is valid and enforceable.

7. Kodiak agrees that the YETI Trade Dress is not essential to the use or purpose of a tumbler, does not affect the cost or quality of a tumbler, is not functional, is not the reason the YETI tumblers work, and, outside of the association with YETI's reputation and goodwill, is not important to the commercial success of tumblers, generally.

8. Kodiak agrees that many competitors compete with YETI and Kodiak and that these competitors sell tumblers having alternative designs that do not include elements of the YETI Trade Dress and have a different overall appearance compared to the YETI Trade Dress.

9. Kodiak agrees that the exclusive use of the YETI Trade Dress by YETI will not put competitors at a significant non-reputation-related disadvantage in the marketplace.

10. The parties agree that YETI owns common law and registered trademark rights in "YETI," "ROADIE," "TUNDRA," "HOPPER," "COLSTER," "FLIP," "BUILT FOR THE WILD," "LOAD-AND-LOCK," "TANK," and "RAMBLER," as source identifiers, and including but not limited to U.S. Trademark Registration Nos. 3,203,869, 4,083,930, 4,083,932, 4,818,317, 4,833,419, 4,871,725, 4,883,074, 4,948,370, 4,948,371, 4,998,897, 5,022,559, 5,171,380, 5,232,872, and 5,233,441 (collectively, the "YETI Trademarks").

11. Kodiak agrees that the YETI Trademarks are valid and enforceable.

12. Kodiak agrees that the YETI Trademarks are unique, distinctive, famous, and well-known by consumers, and are associated by consumers with YETI.

13. The parties agree that Kodiak shall not at any time manufacture, have manufactured on its behalf, offer to sell, sell, commercially use, import, purchase, advertise, promote, and/or distribute (or aid, abet, or assist any other person or company in manufacturing, offering to sell, selling, using, advertising, promoting, importing, purchasing, and/or distributing)—either directly or indirectly—any of the following: (a) the Accused Products, products with a confusingly similar overall look and feel, or products with the same model names or numbers (including the same Amazon Standard Identification Numbers, Stock Keeping Unit numbers, Universal Product Codes, or any other identifying numbers or names); (b) any product that includes trade dress that is confusingly similar to the YETI Trade Dress; (c) any product that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Kodiak with YETI, or as to the source, origin, sponsorship, or approval of the product by YETI; or (d) any product that uses one or more of the YETI Trademarks or variations or misspellings thereof.

14. The parties agree that Kodiak shall not at any time use any of the YETI Trademarks, or confusingly similar marks.

15. The parties agree that each party shall bear its own costs and attorney fees.

16. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms of this Consent Judgment.

17. This Consent Judgment represents a final adjudication of all claims, counterclaims, and defenses that were, or could have been, brought between YETI and Kodiak in this case. This Consent Judgment is intended to be final and shall bind YETI and Kodiak on all issues that were or could have been litigated in this proceeding, and YETI and Kodiak shall not appeal any issue from this proceeding.

**SIGNED** on November 27, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE